## TUNSTALL v. JOHNSON. (No. 8079.)

Court of Civil Appeals of Texas. San Antonio. Jan. 9, 1929.

Rehearing Denied Feb. 6, 1929.

Otis Bowyer, Jr., C. C. Renfro, and Cockrell, McBride, O'Donnell & Hamilton, all of Dallas, for appellant.

Burgess, Owsley, Storey & Stewart, of Dallas, for appellee.

SMITH, J. Appellant, Mrs. Tunstall, owned two parcels of land in the city of Dallas, both incumbered by deed of trust liens to secure debts aggregating $6,840.94 owing by her to a building and loan association. Appellant employed J. W. Alexander to construct a building upon one of the lots at an agreed price of $32,000, for which amount she executed and delivered her note to Alexander, securing it with a materialman's lien upon the lot to be improved. In order to obtain advancements to enable him to construct the improvements, Alexander assigned the note and lien to the Oak Cliff State Bank & Trust Company, and, in order to render the terms of the obligation less onerous upon her, Mrs. Tunstall refinanced it through the Oak Cliff Building & Loan Association, to whom the Bank & Trust Company assigned a $30,000 preferred interest in the $32,000 note and lien. The new obligation took the form of a note for $30,000 and a deed of trust lien, executed by Mrs. Tunstall in favor of the Building & Loan Association, which thereupon became subrogated to the rights of the Bank & Trust Company in the matter. The latter having been fully reimbursed for its outlay, its exit from the transaction was accomplished by the transfer by Alexander to J. W. Johnson, appellee, of the remaining $2,000 interest in the original note, together with Alexander's interest in the contractor's lien.

The proceeds of the $30,000 note to the Building & Loan Association were disbursed in part to the Bank & Trust Company, in settlement of the advances it had made, and in part to satisfy the prior liens against the lot in controversy and the other lot owned by Mrs. Tunstall by paying off the debt of $6,840.94, which was done with the acquiescence of the parties at interest. Much, if not all, of the lumber and materials used in the construction of the improvement in question were furnished by appellee, Johnson, to Alexander, the contractor, and, but for the diversion of the amount paid out in satisfaction of the prior liens on this and the other property mentioned, there would have been sufficient funds with which to pay appellee in full, whereas, on account of that diversion, his claim remains unpaid to the amount of $3,372.37. Johnson sued Mrs. Tunstall, and recovered that amount, together with foreclosure of the materialman's lien

upon the lot and improvements. Mrs. Tunstall has appealed.

It is conceded that Alexander, with whom Mrs. Tunstall contracted for the construction of the improvements, and to whom she executed her note and lien, has been fully paid and satisfied. He is not a party to the litigation, which is engaged in only by Mrs. Tunstall and Johnson, who succeeded to the rights of Alexander by assignment of the building contract to him by the latter. The apparent sole object of the suit is in effect to untangle the snarl created by the diversion of part of the original indebtedness of $30,000 to the satisfaction of the prior liens against the property involved. It is conceded that that diversion was made with the consent and approval of all the parties. But it is contended by appellee, but denied by appellant, that he consented to the diversion only after Mrs. Tunstall orally agreed that in consideration of the diversion she would pay appellee $388.55 in cash and execute her note to him for the amount of the balance due him in the transaction as well as a second lien deed of trust upon the property to secure that note, which was to mature in 30 days. The jury found that Mrs. Tunstall did make such agreement; that Johnson relied thereon; and that the diversion was then made in consequence of that agreement. It is conceded that Mrs. Tunstall performed no part of the agreement.

We conclude that, as appellee agreed to the diversion of the funds which otherwise would have been applied to the satisfaction of his claim and lien, in reliance upon appellant's agreement (in which she thereupon defaulted) to secure that claim by a new lien, appellant is estopped to set up that diversion as a defense to the original claim and lien, which may be enforced according to the rights and liabilities of the parties as they existed at the time of the diversion. To hold otherwise would be to effectuate what amounts in law to a fraud upon appellee. The principle invoked is familiar, and is exemplified in the analogous case of Floyd v. Hammond (Tex. Com. App.) 268 S. W. 146.

In his effort to establish the contention that Mrs. Tunstall made the agreement to execute her note and second lien to secure appellee against the diversion referred to, appellee introduced certain evidence, which was strenuously objected to by appellant, who assigns error to its admission. This evidence consisted, first, of a written agreement executed about the time of the alleged oral diversion agreement found by the jury to have been made by appellant. This written agreement purported to set out the terms of the diversion agreement, and shows to have been executed by appellee, Johnson, and all the parties at interest, *except Mrs. Tunstall,* who not only did not sign it, but affirmatively refused to do so. It was an ex parte agreement among her adversaries, which, although not executed by her, purported to bind her to its terms. It was introduced for that obvious purpose, and to influence the jury to find for appellee upon the basic issue in the case. The evidence was inadmissible, and probably prejudicial to appellant, and, as it bore upon the vital issue in the case, its admission constituted reversible error. Accordingly, we must sustain appellant's first, second, and third propositions of law, in which the question is raised. We also sustain appellant's fifth and sixth propositions, in which complaint is made of the admission of the testimony of appellee of conversations in detail had between Alexander and himself, in the absence of, and yet purporting to be binding upon, appellant. The testimony was clearly inadmissible, and, while it may not have related directly to the controlling issues in the case, it did relate to important collateral matters, and was probably prejudicial to appellant in the whole case. For these errors the judgment must be reversed.

Appellant propounds fifty-four assignments of error, and seventy-four propositions of law, in her brief. It would be a wearisome and bootless task to pass upon each of them, or any considerable portion of them. We will pretermit discussion of those not specifically referred to, upon the omnibus theory that the matters raised in them will probaby not occur upon another trial.

The judgment is reversed, and the cause remanded.